**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
THOMAS CALLAHAN,

                            Plaintiffs,

                - against -

VILLAGE OF HEMPSTEAD, POLICE OFFICER
EUGENE ESTE, "JOHN DOE #1," AND "JOHN
DOE #2," "JOHN DOE" being a fictitious name,

                           Defendants.
---------------------------------------------------------------X

**ORDER**

CV 09-1209 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

At a status conference on December 8, 2009, this Court was advised that Plaintiff, Thomas Callahan, had died. *See* DE 13. At that time, Plaintiff's counsel informed the Court of his belief that Plaintiff had died intestate and left no assets. Plaintiff's counsel was unaware at that time of the appointment of an executor or administrator and did not believe that an estate would be created.

Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, if a party dies and the claim is not extinguished, the Court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. In that December 8, 2009 order, I further stated that

> however, in the instant case, at this moment in time, it is not clear whether, due to Plaintiff's intestacy and homeless circumstances at the time of his death, [whether] an executor or administrator will be appointed since Plaintiff has no literal estate, according to counsel. However, Plaintiff's representative would have the right to pursue this action in place of Plaintiff. According to Plaintiff's counsel, Plaintiff has a surviving brother.

I then directed Plaintiff's counsel to contact Plaintiff's brother and to discuss with him whether he wishes to pursue this matter in place and stead of his deceased brother. If so, the brother would need to be appointed the estate's representative through the usual channels in a state/surrogate's court. If Plaintiff's brother does not wish to pursue this action in a representative capacity, then the brother may prepare and execute an affidavit attesting to that fact. That affidavit would then need to be filed with the Court. After reviewing the circumstances with Plaintiff's counsel, I further directed that Attorney Feraru discuss the case in detail with Plaintiff's brother so that the brother could make an informed and intelligent decision. The attorneys for both parties were directed to report back to me at a conference that I previously scheduled for today.

According to Plaintiff's counsel, he contacted Plaintiff's brother and explained the circumstances. Apparently, a draft affidavit was also sent to Plaintiff's brother as a result of the conversations between the brother and Plaintiff's counsel. The affidavit was sent with a letter on February 2, 2010. Plaintiff's counsel states that he has attempted follow-up communication with Plaintiff's brother, but that his calls have not been returned.

I am issuing this Order and directing that it be served upon Plaintiff's brother in order to provide the brother with a final opportunity to advise the court whether he wishes to proceed with this litigation originally brought by his brother. If Peter Callahan wishes to proceed with this litigation, he needs to advise this Court and then take appropriate steps in Surrogate's Court to obtain letters of administration. That would enable this litigation to go forward with Plaintiff's brother substituting in as a party Plaintiff as the representative of the decedent's estate.

If Peter Callahan does not wish to proceed, then he must submit the necessary affidavit to this Court, attesting to the same.

Based upon the foregoing information, it is hereby

ORDERED, that Peter Callahan, as surviving brother of Plaintiff Thomas Callahan advised this Court **no later than April 2, 2010** if he wishes to proceed in place and stead of his deceased brother in pursuing the above-captioned litigation; and it is further

ORDERED, that if Peter Callahan does not wish to continue with the above-captioned litigation, he must submit to the Court **no later than April 2, 2010** the necessary affidavit stating that he does not wish to have this litigation go forward; and it is further

ORDERED, that **if Peter Callahan fails to respond to this Court by April 2, 2000, the court will entertain a motion by the defendants to dismiss this case for failure to prosecute**; and it is further

ORDERED, that Kenneth Feraru, Esq., as Plaintiff's counsel of record, is directed to serve a copy of this order as well as the Court's order of December 8, 2009 upon Peter Callahan by personal service and by first class mail; and it is further

ORDERED, that Attorney Feraru file proof of service of these Orders upon Peter Callahan on the Court's electronic case filing system ("ECF").

**SO ORDERED.**

Dated: Central Islip, New York
March 9, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON

U.S. Magistrate Judge